H. L. Rose v. Commissioner.
Rose v. Commissioner
Docket No. 48761.
United States Tax Court
T.C. Memo 1955-246; 1955 Tax Ct. Memo LEXIS 92; 14 T.C.M. (CCH) 979; T.C.M. (RIA) 55246; August 31, 1955
*92 Reconstruction of income: Net worth method: Adjustments: Fraud. - The Commissioner by use of the net worth method had reconstructed the income of a taxpayer, whose books were inadequate. In redetermining the amount of cash on hand at the beginning of the taxable year, the Tax Court found a balance of $20,000 kept in a safe deposit box. Nondeductible personal living expenses. - The Commissioner's determination of amounts to be included as living expenses was revised downward because of taxpayer's frugal and miserly manner of living. Statute of limitations: Omission in excess of 25%: Fraud: Burden of proof. - Fraud was not proved, and deficiencies were barred by the statute of limitations unless the five-year period of limitations is found to apply. J.A.C. Lightner, Esq., 108 West Wells Street, Milwaukee, Wis., and Leo E. Vaudreuil, Esq., for the petitioner. Thomas C. Cravens, Jr., Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined deficiencies in income tax and penalties as follows: Penalty
Year
Deficiency
(Sec. 293(b))
1947
$ 504.94
$252.47
1948
1,716.04
858.02
1949
586.47
293.24
1950
711.04
355.52
1951
1,676.01
838.01
*93 Having found that petitioner's books did not correctly reflect petitioner's income, the respondent employed the net worth method of determining income, with the result shown above. Petitioner does not contest use of the net worth method but raises the following issues: (1) The amount of cash on hand at the beginning of the taxable year 1947; (2) The amount of petitioner's nondeductible personal living expenses; (3) The charge of fraud. Petitioner contends that at the beginning of 1947 he had cash on hand and not in banks in an amount not less than $20,000. Respondent contends such figure should not exceed $6,000. Petitioner's testimony, corroborated in part by that of his son, together with other evidence of record, establishes that on January 1, 1947, petitioner had in a safe deposit box or elsewhere on hand and not in banks the sum of $20,000, the remainder of a gift of a much larger amount from his father many years before. This testimony was not seriously weakened by cross-examination or by any evidence introduced by respondent, and cannot be ignored. The figure of $20,000 cash on hand and not in banks will be interpolated in the net worth recomputation consequent hereon. *94 As to the matter of living expenses, the record shows that petitioner was not only frugal in his general manner of living but that he was positively miserly in the amounts spent for food, entertainment and such other expenses. He lived alone and did his own cooking. Although he had an automobile, he did not drive much. The Commissioner contends for the sum of $2,000 for the years 1947, 1948, and 1951, and $2,500 in 1949 and 1950. Petitioner does not fix an exact figure but contends the respondent's figure is much too high. On the whole record, we fix the sum of $1,600 as a reasonable sum spent for such expenses in each year. This figure will be used in the recomputation under Rule 50. There remains for decision the question of fraud, on which the respondent has the burden of proof. On a careful study of the whole record, we are unable to find that petitioner is shown to have been guilty of fraud. Neither the testimony nor the attending circumstances demonstrate by clear and convincing proof that petitioner was motivated by a fraudulent intent. We accordingly hold for petitioner on this issue. There being no fraud proven, the deficiencies for the years 1947 and 1948 are barred *95 by the expiration of time unless the five year limitation of section 275(c) applies. On the record, we cannot determine at this juncture if on recomputation the omission of gross income will amount to 25 per cent of gross income stated in the returns. Accordingly, we hold that if on such recomputation under Rule 50 it appears that more than 25 per cent of the amount of gross income as stated on petitioner's returns is omitted, then and in that event, the deficiencies for the years 1947 or 1948, if any, are approved. If such recomputation shows less than 25 per cent omitted, the deficiencies for such years are barred. Decision will be entered under Rule 50.